Filed 3/14/16  P. v. Rivada CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079331 |
| Plaintiff and Respondent, | (Super. Ct. No. 1400421) |
| v. | |
| DANIEL WILLIAM RIVADA, JR., | |
| Defendant and Appellant. | |

A jury found defendant Daniel William Rivada guilty of two counts of committing a lewd act upon a child.  On appeal, defendant contends the trial court abused its discretion under Evidence Code section 352 by admitting evidence of defendant's prior incarceration for burglary.  Defendant also argues that he should have been awarded an additional day of presentence conduct credit.  We disagree on both points and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The victim lived with her cousin Felicia R. from the time the victim was 13 until she was 18.  Defendant, Felicia R.'s boyfriend at the time, also lived in the house.  The

1

victim testified that she initially had a parent-daughter relationship with defendant, but when the victim was 15 years old, defendant began to molest her. The molestation escalated in frequency and severity until the victim was nearly 17 years old. The victim did not tell her cousin Felicia R. about defendant's conduct because she was afraid of what defendant might do and she did not want to cause problems in the relationship between Felicia R. and defendant.

When the victim was 16, she was relieved to find out that defendant was going to jail and would no longer be living in the house with her. At that point, the victim figured she would never tell Felicia R. about the assaults but would mentally bury them and take them to her grave. Defendant was indeed incarcerated from July 2006 to October 2010 for burglary. After defendant's release, the victim was shocked to see defendant at a family gathering. With defendant no longer in jail, the victim became concerned for her family, especially the children in her family. Shortly thereafter, the victim reported the assaults. The victim had a hard time remembering the precise dates of all the assaults, but she did state the assaults eventually stopped just prior to defendant's incarceration.

Defendant was charged with two counts of committing a lewd act upon a child. The prosecution moved in limine to present evidence of defendant's incarceration, arguing that it was relevant to the timeline of events and to the victim's delay in reporting the crimes. Defense counsel objected, but the trial court overruled the objection. The court determined the jury was entitled to hear about the incarceration because the information was relevant and probative in particular regarding the victim's delay in reporting the assaults. Further, the court found the probative value of the incarceration was not substantially outweighed by the danger of undue prejudice under Evidence Code section 352. During the hearing on the motion, the court worked with defense counsel and the prosecution on the best way to convey the information to the jury while mitigating any potential prejudicial effect. The parties entered a stipulation that defendant was incarcerated from July 2006 to October 2010 for a commercial burglary,

2

which the court read to the jury during the trial. The court did not disclose any details of the burglary.

The jury found defendant guilty of both counts of committing a lewd act upon a child and the trial court sentenced him to seven years and four months in prison. The court awarded defendant 410 days of presentence custody credits, 274 for actual days in custody, and 136 days for custody conduct credit. Defendant timely appealed.

DISCUSSION

I

*Evidence Of Incarceration*

Defendant contends the trial court abused its discretion by allowing the evidence of his incarceration for burglary. Specifically, defendant argues that the evidence of incarceration had very little probative value regarding when the molestations occurred, when they stopped, and why the victim delayed in reporting them and that the probative value was substantially outweighed by the danger of undue prejudice under Evidence Code section 352. We disagree.

Evidence Code section 352 provides that "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create a substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Unduly prejudicial evidence under Evidence Code section 352 is "evidence that uniquely causes the jury to form an emotion-based bias against a party and that has little bearing on the issues of the case." (*People v. Thornton* (2007) 41 Cal.4th 391, 427.) " ' "In applying section 352, 'prejudicial' is not synonymous with 'damaging.' " [Citation.] '[T]he trial court enjoys broad discretion in assessing whether the probative value of particular evidence is outweighed by concerns of undue prejudice, confusion, or consumption of time. [Citation.] Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal except on a showing

3

that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*People v. Williams* (2013) 58 Cal.4th 197, 270-271.)

Here, the trial court did not exercise its discretion in an arbitrary, capricious, or patently absurd manner when it determined that the probative value of defendant's incarceration was not substantially outweighed by the danger of undue prejudice. First, the incarceration was relevant to explain when and why the molestations stopped. The victim had a hard time remembering the precise dates of the numerous assaults but did remember that the last incident was just prior to defendant's incarceration. The incarceration was also relevant to explain why the victim did not report the crimes sooner. She felt safe while defendant was in prison and upon learning of his release, she felt obligated to report the crimes because she was concerned for her family.

Moreover, the trial court could reasonably conclude that the evidence of defendant's incarceration was not *unduly* prejudicial, such that it should have been excluded. Evidence of a prior incarceration may be damaging to a defendant, but for purposes of Evidence Code section 352, " ' " 'prejudicial' is not synonymous with 'damaging.' " ' " (*People v. Williams*, *supra*, 58 Cal.4th at pp. 270-271.) Here, the court, mindful of Evidence Code section 352, worked with the parties on the stipulation in order to convey the relevant information to the jury in the least prejudicial way. No details were given regarding the crime, merely the time frame of defendant's incarceration. Further, the prior crime was relatively mild compared to the charged offenses in this case. All of these factors, taken together with the probative value of the information, could lead the trial court to reasonably conclude that the evidence would not, as defendant contends, "inflame the jury's passions against him." We conclude that the trial court did not abuse its discretion in allowing evidence of defendant's prior incarceration.

## II

### *Conduct Credits*

Defendant argues that the trial court miscalculated his conduct credits. Defendant contends he should have received 137 days of credit, not 136. We disagree.

Penal Code section 4019 allows defendants to earn presentence credits while in custody, provided certain conditions are met. (See Pen. Code, § 4019, subds. (b) & (c).) At the time defendant committed the crimes in this case, between 2003 and 2005, Penal Code section 4019 provided "if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Former Pen. Code, § 4019, subd. (f), as amended by Stats 1982, ch. 1234, § 7.) Conduct credits are calculated by dividing the number of days spent in actual custody by four and rounding down to the nearest whole number, then multiplying that number by two. (*People v. Philpot* (2004) 122 Cal.App.4th 893, 908.) Here, 274 days in custody divided by 4 is 68.5, which is rounded down to 68 and multiplied by 2, which results in a total of 136. Thus, the trial court correctly awarded defendant 136 days of conduct credit.

### DISPOSITION

The judgment is affirmed.

/s/ _____
Robie, J.

We concur:

/s/ _____
Nicholson, Acting P. J.

/s/ _____
Mauro, J.

5